UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES A. BOSWORTH, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6524** |
| **WELLS FARGO ADVISORS, LLC** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) is **DENIED.**

### BACKGROUND

This matter is before the court on a motion to dismiss for lack of subject matter jurisdiction filed by defendant, Wells Fargo Advisors, LLC. Wells Fargo argues that the plaintiff's claim is not ripe for consideration because it is contingent on future events that may not occur.

Plaintiff, Charles A. Bosworth, III, filed this action against his employer, Wells Fargo, on November 27, 2013, alleging that his participation in Wells Fargo's 4front and Sunset programs work together to create a disparate impact on him as an older worker in violation of the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. Bosworth alleges that he was born in 1941, and has twenty-nine years of experience as a financial advisor. Bosworth began working for Wells Fargo in 2008, when Wells Fargo acquired Bosworth's previous employer, Wachovia. Thereafter, Bosworth became eligible for Wells Fargo's 4front Award Program. Under the 4front Program, financial advisors who met certain requirements were rewarded for customer satisfaction and loyalty.

On February 22, 2010, Bosworth signed a Client Service and Loyalty Award - Level One Final Snapshot Award Agreement that memorialized his participation in the 4front Program. Under 4front Agreement, Bosworth was awarded $159,239.89. The 4front Agreement was amended on

February 17, 2011, to increase Bosworth's total award to $174,256.91. Bosworth chose to receive the award as a lump-sum bonus that was classified as a repayable loan to defer the compensation for taxation purposes. Under the 4front Agreement's terms, Wells Fargo forgives the monthly loan payments as long as Bosworth remains employed by Wells Fargo as a financial advisor in good standing. Future loan payments are forgiven if Bosworth dies, becomes totally disabled, or retires on or after August 31, 2016. However, if Bosworth's "employment with Wells Fargo Advisors ends for any reason or no reason," he would default on the 4front Agreement, and Wells Fargo may declare the entire unpaid balance of the note immediately due and payable, and may collect the unpaid balance of the note by offsetting any compensation due or any assets in any Wells Fargo brokerage account.

On February 17, 2012, Bosworth voluntarily entered into Wells Fargo's Sunset Agreement, which permits a financial advisor over age fifty to transition his clients to other financial advisors and receive compensation for five years after retirement based on the value of his book of business. Bosworth alleges that the value of the Sunset Agreement was diminishing for him because the value of his book of business was declining as his clients died. Thus, he entered the Sunsent Agreement with an anticipated retirement date of December 31, 2014. When he entered the Sunset Agreement Bosworth acknowledged his repayment obligation under the 4front Agreement:

> If a Financial Advisor enters into a Firm-Approved Sunset Agreement, and the date of the Financial Advisor's retirement occurs any time on or before August 31, 2016, current Monthly Award Payments under the *4front* Program will end, and any remaining Monthly Award Payments as of the date on which the Financial Advisor retires will be forfeited. At that time, if the Financial

> Advisor has any outstanding loan balances under the *4front* Program, those balances will also become due and payable in full.

Bosworth filed a charge of age discrimination with the Equal Employment Opportunity Commission on December 7, 2011, two months before he entered the Sunset Agreement. He received a Right to Sue Letter from the EEOC on August 29, 2013, and timely filed this action alleging that the interaction of the 4front Agreement and the Sunset Agreement results in disparate treatment due to his age in violation of the AEDA. Specifically, Bosworth claim that he must retire on December 31, 2014, to comply with the Sunset Agreement, and as a result, he will default on the 4front Agreement, being forced to repay Wells Fargo over $100,000. He claims that he:

> is unable to comply with the terms of both plans in order to avoid default under either the 4front Award Agreement or the Sunset Agreement. Because Wells Fargo created the conflict between these two plans, and required employees retiring before 2016 to forfeit forgiven 4front payments, Wells Fargo created employee benefits with a disparate impact on employees over the age of 50 years.

Wells Fargo filed this motion to dismiss for lack of subject matter jurisdiction, arguing that Bosworth's claim is not ripe for review because it is contingent on future events that may not occur. Wells Fargo contends that Bosworth's claim is contingent on his remaining in good standing under the 4front Program until he retires, and his retirement date remaining December 31, 2014. It also argues that Bosworth's claim would be moot if he dies or becomes disabled before his retirement. Moreover, Bosworth's retirement date could change. Bosworth argues his claim is ripe because his claim accrued when he had notice of the alleged discrimination.

## ANALYSIS

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. <u>Ramming v. United States</u>, 281

F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworks Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming, 281 F.3d at 161. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Article III of the Constitution of the United States "limits federal courts' jurisdiction to 'cases' and 'controversies.'" Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) (citing U.S. CONST. art. III, § 2). Ripeness is an essential component of federal subject matter jurisdiction. Id. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." New Orleans Public Serv., Inc., v. Council of City of New Orleans, 833 F.2d 583, 587 (5th Cir. 1987) (citing Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 105 S.Ct. 3325, 3333, 87 L.Ed.2d 409 (1985); Socialist Labor Party v. Gilligan, 406 U.S. 583, 588-89, 92 S.Ct. 1716, 1719-20, 32 L.Ed.2d 317 (1972)). When evaluating ripeness, "[t]he key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. (quotations omitted). Generally, a case is "ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." Id. (citing Thomas, 105 S.Ct. at 3333). Moreover, "[i]f the purported injury is 'contingent [on] future events that may not occur as

4

anticipated, or indeed may not occur at all,' the claim is not ripe for adjudication." Lopez v. City of Hous., 617 F.3d 336, 342 (5th Cir. 2010) (quoting Thomas, 105 S.Ct. at 3333).

In this case, Bosworth's claim is ripe for review. Bosworth alleges that the interaction of the 4front Agreement and the Sunset Agreement have a discriminatory effect based on age. He is entitled to know if there is an illegal discriminatory effect before making the decision to enter into the Sunset Agreement that he alleges conflicts with the 4front Agreement. Therefore, Wells Fargo's motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) is **DENIED.**

New Orleans, Louisiana, this   1st   day of July, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**